# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARCELINO AYALA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13 C 3163 |
| ) | |
| P.O. JOSEPH WALSH #12865, P.O. ) | |
| MICHAEL KNIGHT #17174, Individually, ) | |
| and CITY OF CHICAGO, a municipal ) | |
| corporation, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

This Court has just received three separate sets of Answers and Affirmative Defenses ("ADs") to the First Amended Complaint ("FAC") filed by plaintiff Marcelino Ayala ("Ayala"). Unsurprisingly in view of the fact that the three defendants are the City of Chicago and two of its police officers, Joseph Walsh ("Walsh") and Michael Knight ("Knight"), all three responsive pleadings have come from assistants in the office of the City's Corporation Counsel, one acting on behalf of the City and Officer Knight and the other acting on behalf of Officer Walsh. This memorandum order is issued sua sponte because even a modicum of courtesy and thought would have led to different (and more appropriate) handling.

To begin with the subject of courtesy, the many years during which the Corporation Counsel's office has had occasion to deal with this Court must necessarily have led to the understanding on the part of that office that this Court views its prompt and careful scrutiny of all pleadings filed in cases on its calendar as an essential part of the judicial function. That being so, for counsel to force this Court's separate reading of multiple responsive pleadings for

multiple defendants, when filed in a case by lawyers in the same law office, creates a real imposition on judicial time -- the commodity in shortest supply in the federal justice system.

Moreover, even a little thought would have led those counsel to recognize that a jointly filed pleading would best serve the principle of notice pleading that underlies federal practice, for it would highlight any respects in which the different defendants might advance different positions, in contrast to their sharing common cause throughout. In that regard, it is worth noting that the pleadings filed by the two different Assistant Corporation Counsel on behalf of the two officers employ an identical variant on the disclaimer prescribed by Fed. R. Civ. P ("Rule") 8(b)(5),[1] a sure clue that the two lawyers have either conferred or are working from an identical template.

To turn from courtesy to substance, this Court has skimmed enough of the three filings to note a number of respects in which counsel must go back to the drawing board. Although what follows does not purport to be exhaustive (in substantial part because any thorough vetting would have necessitated a detailed reading and parsing that would defeat the purpose of this memorandum order), a few issues have jumped off the pages to strike the eye of even a superficial reader.

As for the City's response, it is expressly made a non-target of each of the FAC's first four counts, each of which specifically seeks relief solely against one or both of the officers. Only Count V, labeled "Indemnification" and separately numbered, asks relief against the City -- and that only to the extent that either or both officers may be found liable.

---

[1] This is not said to criticize that variant, which invokes the disclaimer in proper fashion.

Hence the City is in the position as to Counts I through IV that the late President Lyndon Johnson was wont to refer to as "not having a dog in the hunt." It need not respond substantively to the allegations in those counts -- and it appears that in this case its repeated denials of the officers' asserted misconduct "upon information and belief" are particularly inappropriate. Whose "information" -- that provided by the officers themselves? And is the City's "belief" founded on the premise that despite the large volume of activity that has regrettably and repeatedly been found to exist on the part of a substantial number of rogue officers and has cost the City millions of dollars in judgments and settlements,[2] the City can comfortably assert that it believes based on the officers' say-so that the claims in <u>this</u> case are ill founded?

To turn to the ADs that follow the City's Answer, only one of them -- AD 6 -- is appropriately advanced. Here are the problems with the others:

1. As for AD 1, its "to the extent" locution is a sure tipoff that at this time the City has no knowledge of any purported failure of Ayala to mitigate his claimed injuries or damages. Even apart from the fact that there is a good deal of difficulty in understanding just how the notion of mitigation could play any part here, given the nature of Ayala's claims, AD 1 must be and is stricken for the present.

2. ADs 2 through 5 misconceive Ayala's limited potential claim against the City. They too are stricken.

---

[2] One of the most distressing aspects of what is referred to in the text is the undermining of public confidence in the many, many police officers who are <u>not</u> involved in such malfeasance and who fully deserve such public confidence.

As for the two officers' responsive pleadings, it has already been said that a single joint response will serve all purposes far better than what has been tendered here. Because that is so, this memorandum order eschews any analysis of the existing answers and looks only at the officers' identical sets of ADs. In that respect a studied review by counsel of Rule 8(c) and its supporting case law (and see App'x ¶ 5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001)) would teach the following:

1. When Ayala's allegations are accepted as gospel (as must be the case when ADs are advanced), the AD 1 claim of qualified immunity is simply inappropriate. In that respect counsel would do well to study the very recent per curiam opinion of the Supreme Court in Tolan v. Cotton, No. 13-551, 2014 WL 1757856 (S. Ct. May 5, 2014) and its reconfirmation that qualified immunity plays no proper role where the facts are disputed and therefore require a trial or other evidentiary hearing to determine whether the governmental officer or agency is entitled to prevail.

2. ADs 2 through 4 are stricken for the same reason that the corresponding ADs on the part of the City have been stricken.

3. AD 5 is stricken because it is directly contradicted by the allegations of the FAC that characterize the officers' conduct as willful and wanton.

4. AD 6 is stricken because it too is at odds with Ayala's allegations.

5. That leaves AD 7, which may remain (just as the corresponding AD on the City's part may remain).

In summary, all three of the recently filed responsive pleadings are stricken -- but without prejudice, of course. Leave is granted to file two replacement responsive pleadings conforming to this memorandum order, one by the City and the other on behalf of the two officers, on or before May 23, 2014.

_____
Milton I. Shadur
Senior United States District Judge

Date: May 13, 2014